The opinion of the court was delivered by
Whitehead, J.
The question before us is, whether the Circuit judge was right in his instructions to the jury.
The sale at which the defendant purchased, was made under written conditions. The lots, bought by him were part of the mortgaged premises, the property of Wheeler. Neither Wheeler nor the bank had any interest whatever in the gangway. The contract was between the master, Mr. Ogden, and the defendant. It was reduced to writing, and there is in it no provision for the use of the gangway. Nor could there be, for the master had nothing to do with it. It was not a part of the mortgaged premises he was commanded to sell. The defendant, by his agreement, undertook to pay for the lots according to the conditions of the sale. It was optional with him to pay in bills of the Bank at par value, provided he made such payment by the first day of *624 December then next, but nor afterwards. It would appear from the terms of his written acknowledgment, that he then intended to pay in bills of the. bank, for his language is, “ I do hereby agree upon my part to be bound by and to fulfil the conditions, to be paid in United States Bank bills at par.” By neglecting to pay in bills of the bank, within the time limited by the conditions of sale, he has lost the privilege and by the terms of his contract, he must now pay in current money.
It is insisted however, that Allen is not liable to pay the check or any part of it, because of the subsequent sale by Mr. Colt of the gangway. Admitting that Mr. Colt made the declarations, testified to by one of the witnesses, that he had reserved the right of way for the use of these lots through the gangway, by which I suppose the witness understood the purchaser would have the benefit of it to get to his lots; does it constitute a legal defence to an action upon the check ? I think not. It was the mere declaration of a third person standing by, who was not himself the owner of the gangway. Assuming however, that he was the agent of the bank in reference to the master’s sale, there is no pretence that it constituted a part of the mortgaged premises, or that the bank had any interest in it. The contract upon which the check was given, was between Allen and the officer of the law; and the rights or liabilities of the parties cannot be affected by the unauthorized declarations of this person, present at the sale. If Allen had honestly supposed that this easement was to pass with the lots, and intended to insist upon it as a right, he should have incorporated it into his agreement with the master.
Again, the counsel for the plaintiff in error insisted, that the bank could not in law recover, because the evidence showed a failure of consideration; upon the supposition that the declarations of Mr. Colt on the day of. sale amounted to an agreement, that the gangway was to go with the lots, and as a consequence of the sale of it to a third .person, the lots are less valuable. Under this view of the case there is not a total, but a partial, failure of consideration. Now it is well settled, that the partial failure of consideration is not a good defence at law, if the amount to be deducted on that account be unliquidated. Greenleaf v. Cook *625 2d Wheaton Rep. 13; 11 Johnson Rep. 50; and cases cited in notes to Chitty on Bills, 88, 89.
If Allen really believed that Mr. Colt had practiced a fraud upon him, as is now pretended, his proper course would have been to have given notice to the master, that he would not take the property; and asked that the agreement be rescinded, and his check delivered to him. So far was he from pursuing this course, that when called upon by the solicitor of the bank, after failure on his part to perform the conditions of sale, and requested either to fulfil his contract or give it up, as a person was ready to take the lots at his bid, he declined doing either, but coolly asked what the person would give him.
I find no error in the instructions of the judge to the jury; and the evidence does not show a case of hardship upon the defendant. He had a proposition distinctly made to him, by which he could be relieved from all this pretended difficulty. Having inclined it, and sought to make money out of the person who was willing to take his place, he must bear the consequences of his own conduct.
Judgment affirmed.
Uevitjs and Carpenter J. J. did not hear the argument and expressed no opinion.
Cited in Bouker v. Randles, 5 Vr. 341; Wyckoff v. Runyon, 4 Vr. 108.